Martin J.
delivered the opinion of the court. We have considered the reasons offered *648 by the plaintiffs’ counsel, in support of his application for a rehearing, with all the attention, which the earnestness with which he has pressed it and the pains he has taken, were calculated to excite.
East'n District.
Jan. 1823.
It is not denied, on his part, that the facts set forth in the defendants’ answer, if true, would entitle them to obtain a restoration of part of the price, by way of damages, in an action instituted by the plaintiffs, in the courts of Kentucky; but it is said, that they would unsuccessfully urge their claim for a diminution, by a plea to the plaintiffs’ action for the price.
The reason is, that the action quanti minoris is unknown to the courts of those states, in which the common law of England affords the only legitimate rule of decision.
Courts of justice there, can rescind a contract of sale in toto only. Hence, in an action for the price, they cannot restrain their judgment to a partial recovery. Not so in this state, where the vendee is entitled to a reduction of the price, by the action quanti minoris. If he may be relieved in toto, by plea, when he insists on the rescission of the sale, and prays to be exempted from the payment of any part of the price, why should he not be *649 listened to when he restrains his plea to that part of the price, which the vendor would be compelled to return, if a suit was brought against him.
The rights of the parties in a contract of sale, will finally be adjured in the same manner in Kentucky and Louisiana, although, in the latter state, the vendee may obtain by plea the relief which, in the former, can only be had by action. A difference exists only in the mode of relief; the quantum is perfectly the same.